# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLOCK PROPERTIES LLC, SOUTH AVENUE LIMITED PARTNERS, HILLOCK REAL ESTATE LLC, STEPHEN A. DIPASQUA, HOMES OF HIDDEN VALLEY CONDOMINIUM ASSOCIATION, WILLIAM NAPIORSKI, GENNARO VIZZA, LEWIS KNAUER, GERARD FINLEY, CHRISTOPHER ERKERT, TOLL MID-ATLANTIC LP COMPANY, INC. and TOLL PA, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF DELAWARE, <br><br> Defendant. | No. _____ <br><br> Removal from: The Court of Common Pleas of Delaware County, No. CV-2021-004508 |

## **NOTICE OF REMOVAL**

Defendant County of Delaware (the "County" or "Defendant") hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Pennsylvania, Delaware County, No. CV-2021-004508 ("the State Court Action"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for removal are as follows:

1.　On May 15, 2021, Plaintiffs Hillock Properties LLC, South Avenue Limited Partners, Hillock Real Estate LLC, Stephen A. DiPasqua, Homes of Hidden Valley Condominium Association, William Napiorski, Gennaro Vizza, Lewis Knauer, Gerard Finley, Christopher Erkert, Toll Mid-Atlantic LP Company, Inc. and Toll PA, L.P. (collectively, "Plaintiffs") filed the Original Complaint in the State Court Action, asserting a lone claim for Declaratory Judgment, which sought to establish that certain class action fees were improperly charged in an lawsuit related to real property reassessments.

2.     On June 30, 2021, the County moved to dismiss this State Court action via preliminary objections.

3.     The County's preliminary objections asserted that the Declaratory Judgment claim was a veiled unjust enrichment claim that was barred by governmental immunity as a matter of law.

4.     On January 28, 2022, the Court of Common Pleas of Pennsylvania of Delaware County sustained the preliminary objections on Plaintiffs' Original Complaint, which resulted in that lone Declaratory Judgment claim being dismissed.

5.     On February 11, 2022, Plaintiffs filed an Amended Complaint against Defendants in the State Court Action. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "A".

6.     True and correct copies of all other docketed materials to date in the State Court Action are attached hereto as Exhibit "B".

7.     The Amended Complaint pled, for the first time, a federal cause of action under 42 U.S.C. § 1983. *Compare* Exhibit A at Count III *with* Exhibit B at Original Complaint, Count I.

8.     The Amended Complaint also re-pled Plaintiffs' prior declaratory judgment claim, which was dismissed, except now the claim is characterized as two claims for unjust enrichment and equitable restitution. *Compare* Exhibit A at Counts I and II *with* Exhibit B at Original Complaint, Count I.

9.     The Amended Complaint was first received by the County on February 11, 2022. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

10.    This Court has federal question jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1331, 1441(a), (c), and 1446(b), and therefore removal is appropriate.

11. In the Amended Complaint, Plaintiffs assert "Section 1983 allows claims alleging the 'deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws].' 42 U.S.C. § 1983." (*See* Exhibit A at ¶ 52.)

12. Plaintiffs further assert "[t]he Board's actions to charge fees to Plaintiffs, for the proposed class action appeals filed in 2020 to challenge the January 1, 20201 [sic] assessments which resulted from the Court-ordered countywide reassessment, violated the Equal Protection Clauses of the U.S. Constitution and the Pennsylvania Constitution, by treating petitioners of 2020 proposed class action appeals differently from petitioners of 2020 non-class action appeals." Exhibit A at ¶ 53.)

13. Accordingly, removal of the State Court Action is appropriate pursuant to 28 U.S.C. § 1331 because this civil action now arises under the Constitution, laws, or treaties of the United States by virtue of the newly asserted Section 1983 claim.

14. This Notice of Removal is being filed in the Eastern District of Pennsylvania, the district court of the United States for the district within which the State Court Action is pending, as required by 28 U.S,C. §§ 1446(a) and 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of the Notice of Removal will be filed with the clerk of the Court of Common Pleas of Pennsylvania, Delaware County a copy of which is attached hereto as Exhibit "C".

16. By effecting removal of this civil action, the County reserves its right to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, Fed. R. Civ. P. 12.

Respectfully submitted,

**KLEINBARD LLC**

   /s/ Eric J. Schreiner_____
Eric J. Schreiner, Esq.
James G. Gorman, III, Esq.
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
(215) 568-2000 (Phone)
(215) 568-0140 (Fax)
eschreiner@kleinbard.com
jgorman@kleinbard.com

*Counsel for Defendant County of Delaware*

Date:  March 3, 2022

## CERTIFICATE OF SERVICE

I, Eric J. Schreiner, hereby certify that on this 3rd day of March, 2022, I caused a true and correct copy of the foregoing Notice of Removal to be served on the following via U.S. mail and electronic mail:

>Donald J. Weiss, Esq.
>Attorney I.D. No. 17574
>DONALD J. WEISS, ESQ., P.C.
>Chadds Ford Professional Center
>6 Dickinson Drive, Building 100, Suite 110
>Chadds Ford, PA  19317
>Email donaldjweissesq@aol.com
>Tel (610) 459-8074; Fax (610) 459-8653
>
>By: Marc A. Zaid Esq.
>Attorney I.D. No. 29458
>ZAID LAW OFFICE, P.C.
>2200 Renaissance Boulevard, Suite 270
>King of Prussia, PA  19406
>Email zaidesq@cs.com
>Tel (610) 940-3610; Fax (610) 940-3612
>
>*Attorneys for Plaintiffs*

>*/s/ Eric J. Schreiner*
>Eric J. Schreiner